```
           UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA

                    AT CHARLESTON
```

**ROBERT WOODRUFF,**

        Plaintiff,

v.                                       Civil Action No. 2:13-24001

**MICHAEL THORNSBURY**, individually and
in his official capacity, and
**JARROD FLETCHER**, individually and
in his official capacity, and
**STEVEN D. CANTERBURY**, in his official
capacity as Administrator of the
West Virginia Supreme Court of Appeals, and
**TROOPER BRANDON MOORE**, individually and
in his official capacity, and
**COLONEL JAY SMITHERS**, in his official capacity
as Commander of the West Virginia State Police,
**JEFF CLINE** and
**POLICE OFFICER NATHAN GLANDEN**,
individually and in his official capacity, and
**THE CITY OF GILBERT, WEST VIRGINIA** and
**COMMISSIONERS OF THE MINGO COUNTY COMMISSION**,
in their official capacity

        Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>


        Pending are defendant Michael Thornsbury's motions (1) to dismiss due to insufficient service of process, filed October 25, 2013, and (2) to quash service of process, filed December 2, 2013.

I.

On September 30, 2013, plaintiff Robert Woodruff instituted this action ("federal action"). On October 5, 2013, Mr. Woodruff's process server, Benjamin Cisco, traveled to what he believed to be Mr. Thornsbury's residence. At approximately 5:55 p.m. on that date, Mr. Cisco served upon Mrs. Dreama Thornsbury, Mr. Thornsbury's spouse, the challenged process and, additionally, process in <u>Kimberly Woodruff v. Michael Thornsbury</u>, No. 13-C-1838, pending in the Circuit Court of Kanawha County ("state action"). The proof of service for the federal action includes the following narrative:

> Arrived at Thornsbury home at 5:55 on October 5, 2013. Was greeted by Dreama Thornsbury at the door. I introduced myself as Benjamin Cisco and tried to hand her paperwork and I shouted "You have been served." She closed the door and I stated again "you have been served." I placed the paperwork in her mailbox attached to the home and then exited the property.

(Ex. 1, Def.'s Mot. to Dism.).

On October 24, 2013, Mrs. Thornsbury executed an affidavit stating as follows:

> The below signing individual duly swears, under oath, to the following:
>
> 1. That I live at 1717 4th Avenue, Williamson, West Virginia.
>
> 2. That Mike Thornsbury has not lived at this address since October 3, 2013.

3

> 3. That he has not stayed overnight at this residence or used this residence as his residence since October 3, 2013.
>
> 4. That he has his own residence.
>
> 5. That, when Benjamin Cisco attempted to serve the papers upon me on October 5, 2013, at 1717 West 4th Avenue, Williamson, West Virginia, I told him that Mike Thornsbury did not live here.
>
> 6. That Benjamin Cisco said he was serving the papers at 1717 West 4th Avenue, Williamson, West Virginia, because it was Mike Thornsbury's last known address.
>
> 7. That Benjamin Cisco put the papers in my mailbox and left.
>
> 8. That I reported the incident to the United States Post Office and told them that Mike Thornsbury no longer lived at 1717 West 4th Avenue, Williamson, West Virginia.

(Ex. 2, Def.'s Mot. to Dism.).

Mr. Thornsbury now moves to dismiss or quash based upon an insufficiency of service of process.

II.

A.   Governing Standard

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to seek dismissal in the event of an "insufficient service of process." Fed. R. Civ. P. 12(b)(5). Rule 4(e)

specifies an individual defendant within a judicial district in the United States may be served by

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

In this circuit, strict compliance with the technical rules of service are more flexible when a defendant has actual notice of the action instituted against him. The principle is illustrated by Karlsson v. Rabinowitz, 318 F.2d 666, 668 (4th Cir. 1963). In Karlsson, the defendant owned a home in Maryland where he and his family resided. On July 5, 1962, the defendant left the home. He never intended to return, taking steps to permanently establish residence and his livelihood in Phoenix, Arizona. He had previously contracted to buy a new home in Phoenix and to sell the Maryland residence.

While staying temporarily in a Phoenix motel, his spouse, children, and domestic worker remained in the Maryland home to finish various move-related tasks and appear at the August 3, 1962, closing in Maryland using a deed already signed by the defendant. On July 25, 1962, process was served upon the defendant by leaving a copy with his spouse at the Maryland residence. Following the scheduled closing, the spouse and children departed Maryland, arriving in Phoenix on August 6, 1962. The defendant received actual notice of the service of process.

The district court concluded that service was insufficient. It noted that the Maryland home did not qualify as the defendant's dwelling or usual place of abode inasmuch as he did not intend to return there. The court of appeals disagreed, reasoning as follows:

> [A] comparative analysis of facts in other cases is not particularly helpful in determining the question presented here, [but] we are impressed by the reasoning of the court in State ex rel. Merritt v. Heffernan, 142 Fla. 496, 195 So. 145, 127 A.L.R. 1263 (Fla. 1940). In that case there were even less indicia of residence and of permanency of abode and the defendant actually maintained a permanent residence for himself and his family in a distant state; but the Florida court, relying upon the language of the Court in Earle v. McVeigh, 91 U.S. 503, 23 L.Ed. 398 (1875), to the effect that the real purpose of service of process is to give notice to the defendant that he is answerable to the claim of the plaintiff, attached primary significance to the close family ties of man and wife coupled with the existence of a family residence in holding that '* * * although his permanent residence was in a distant state, * * * his then place of abode was where his family was living.' (195 So. at 147.) There, as here, the defendant

5

> actually received notice of the action and appeared specially and moved to quash the return of service. The court, obviously approving the liberal and just rule to be later applied in Rovinski v. Rowe, supra, stated, '* * * we think that justice has been done, therefore, we affirm the judgment which we understand will result in the trial of the original claim on its merits in the Civil Court of Record.' (195 So. at 148.)
>
> Under the particular circumstances of this case and applying the rule of liberal construction, we hold that service of process on Rabinowitz was sufficient.

Karlsson v. Rabinowitz, 318 F.2d 666, 669 (4th Cir. 1963) (stating also that "where actual notice of the commencement of the action and the duty to defend has been received . . . , the provisions of [former] Rule 4(d)(1) should be liberally construed to effectuate service and uphold the jurisdiction of the court . . . ."); see also Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc., 733 F.2d 1087, 1089 (4th Cir. 1984); cf. Fields v. Norfolk and Southern Ry. Co., 924 F. Supp.2d 702, 708 (S.D. W. Va. 2012) ("Although the rule requires the summons to identify the parties, the Fourth Circuit has recognized that noncompliance with Rule 4 does not mandate dismissal where the necessary parties have received actual notice of a suit and where they have not been prejudiced by the technical defect."); Federal Deposit Ins. Corp. v. Spartan Mining Co., Inc., 96 F.R.D. 677, 682 (S.D. W. Va. 1983) (citing Karlsson, 318 F.2d at 668-69); ("[I]n Karlsson, . . . the court held that substituted service . . . was sufficient to confer jurisdiction where service was made at what defendant contended was no longer his "'dwelling house or usual place of abode.'" The court

6

emphasized the fact that the defendant had actual notice of the commencement of the action."); 3 Lucas Martin, Cyc. of Federal Proc. § 11:48 (3d ed. elec. 2013) ("While the authorities are not in accord as to what constitutes an absent defendant's 'dwelling house or usual place of abode,' the test or guide is that where actual notice of the commencement of the action and the duty to defend is promptly received by the defendant, Rule 4(e)(2) should be liberally construed to effectuate substituted personal service and uphold jurisdiction of the court even though the defendant at the time of service may be residing in another state with no intention of returning.")(citing Karlsson).

B.   Analysis

Mr. Thornsbury asserts that he was not served in compliance with Rule 4(e).  He notes that he no longer lived at the place where process was delivered.  Mr. Woodruff suggests that the residence where service was attempted qualifies as Mr. Thornsbury's "usual place of abode" pursuant to Rule 4(e)(2)(B), and that he has received the all-important actual notice of the lawsuit.

In applying the rule of liberal construction set forth in Karlsson, the court notes four material considerations.  First, Mr. Cisco served process on Mrs. Thornsbury, a person of suitable

age and discretion who resided in the marital home. Second, Mr. Thornsbury lived at the residence until two or three days prior to Mr. Cisco's visit. Third, Mr. Thornsbury has received actual notice of this action inasmuch as he has sought dismissal. Fourth, the quashing of service under these circumstances would only result in delay and unnecessary expense.

Based upon these considerations, the court concludes, consistent with <u>Karlsson</u>, that Mr. Thornsbury received sufficient service of process. It is, accordingly, ORDERED that the motions (1) to dismiss due to insufficient service of process, and (2) to quash service of process, be, and hereby are, denied.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER: December 18, 2013

John T. Copenhaver, Jr.
United States District Judge

8