UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

ROBERT WOODRUFF,

        Plaintiff,

v.                                      Civil Action No. 2:13-24001

MICHAEL THORNSBURY, individually and
in his official capacity, and
TROOPER BRANDON MOORE, individually and
in his official capacity,

        Defendants.

MEMORANDUM OPINION AND ORDER

        Pending are defendant Michael Thornsbury's motion to

disclose Jeffrey Cline's grand jury testimony, filed September 29,

2014, and plaintiff Robert Woodruff's motion to disclose grand

jury testimony, filed October 1, 2014.

        On October 15, 2014, the court directed the United

States to notice its position on the requests no later than

October 20, 2014.  Having received that final document, the matter

is ripe for disposition.

I.

        On May 14, 2013, Jeff Cline testified before the grand

jury in United States v. Thornsbury, No. 2:13-00239.  Mr. Cline

appeared under a grant of official immunity.  On February 20, 2014, Mr. Cline testified during the discovery period in this action.  Mr. Thornsbury contends that he requires use of Mr. Cline's grand jury testimony inasmuch as it is at variance with his discovery testimony on three matters, namely, the placement of drugs in a metal box -- which was allegedly intended to be affixed to Mr. Woodruff's vehicle at the direction of Michael Thornsbury -- the placement of a "used Kotex" in the same metal box, and the physical description of the box.

Mr. Thornsbury elaborates upon these alleged inconsistencies as follows:

> First, the Defendant requests that portions of the testimony relating to the placement of drugs in a box be disclosed.  A comparison of Mr. Cline's grand jury testimony and his deposition testimony raises significant questions as to what was actually placed in the box, and calls into question the credibility of Mr. Cline's testimony.

> Second, the Defendant requests . . . portions of Mr. Cline's testimony relating to a "used Kotex", allegedly placed in a box that was to be used to frame Mr. Woodruff . . . .  There are significant differences between Mr. Cline's . . . testimony and his deposition testimony in the description of the events surrounding the "used Kotex." The difference in the description is important because it undermines Mr. Cline's credibility as one of the key witnesses in this case.

> Lastly, the Defendant requests that portions of Mr. Cline's testimony relating to the physical description of a box, allegedly used to frame Mr. Woodruff, be disclosed.  Mr. Cline's testimony regarding the size and shape of the box has . . . since been contradicted by Valerie Burgess's deposition testimony. Ms. Burgess testified at her deposition that Mr. Cline told her that he kept a small magnetic box on his toolbox, and that

> this box was to be placed on Mr. Woodruff's car to frame
> him. This description of the box is vastly different
> than the one described by Mr. Cline in his grand jury
> testimony, and again calls into question the credibility
> of the witness, and the veracity of his statements.

(Memo. in Supp. at 5-6).  Mr. Thornsbury has precisely identified

the portions of the grand jury testimony that he wishes to

disclose:

> Grand Jury Testimony at 8:17-23 and 20:8-14
> Grand Jury Testimony at 8:23 and 22:23
> Grand Jury Testimony at 8:9-11 and 16:16-20

(Id. at 5 n.1).

> Mr. Woodruff's request is broader.  It is phrased as

follows:

> [A]ny and all grand jury testimony of witnesses in the
> prosecution of Defendant Michael Thornsbury,
> particularly the grand jury testimony of disgraced State
> Police trooper Brandon Moore, Mr. Jarrod Fletcher and
> Mr. Jeff Cline to the extent . . . that such testimony
> touches and concerns Defendant Thornsbury's actions with
> regard to Plaintiff Robert Woodruff.

(Pl.'s Memo. in Supp. at 1).[1]  In his follow-on briefing, Mr.

---

[1] Mr. Woodruff also complains that Mr. Thornsbury already
possesses a copy of Mr. Cline's grand jury testimony given the
precise citations to it.  He notes that this may violate the rule
of secrecy and, additionally, the discovery obligation to share
the information.  He thus moves as follows:

> Plaintiff moves the Court to direct counsel for Mr.
> Thornsbury to disclose all grand jury transcripts,
> summaries of grand jury minutes, or internal notes
> regarding conversations with any person, including by
> way of example and not by way of limitation, assistant
> U.S. attorneys discussing grand jury testimony in their
> possession. Additionally, pursuant to Rule
> 6(e)(3)(E)(i), Fed. R. Crim. Pro., Plaintiff moves the

Woodruff appears to narrow his request, however, to the grand jury testimony of only Mr. Thornsbury, Trooper Moore, Mr. Fletcher, and Mr. Cline.

Mr. Woodruff observes as follows respecting his need for at least one transcript:

> Plaintiff believes that Defendant Moore testified as to his involvement with defendant Thornsbury in nefarious schemes to violate the constitutional rights of Robert Woodruff. During Defendant Moore's deposition in this case, he asserted his Fifth Amendment right against self-incrimination to every allegation contained in the civil complaint. By all indications, Defendant Moore will assert the same privilege when called as a witness at trial. If Defendant Moore testified under oath in front of a grand jury and admitted the allegations contained in the complaint, Plaintiff should be able to use the grand jury transcript to cross-examine Defendant Moore. Injustice in this proceeding can be avoided only by disclosure of the grand jury transcripts.

(Id. at 7).

---

Court for an Order directing that all grand jury transcripts in the investigation of Michael Thornsbury be disclosed to Plaintiff.

(Pl.'s Memo. in Supp. at 4).  Inasmuch as counsel for Mr. Thornsbury served as his lawyers during the criminal prosecution, they are lawfully in possession of the grand jury transcripts.  To the extent they have, if at all, violated any disclosure orders previously entered, the United States may move the presiding judicial officer in the criminal case separately for any relief it may wish to seek.

II.

A.   Governing Law


        The Supreme Court recently observed that it has

"'consistently . . . recognized that the proper functioning of our

grand jury system depends upon the secrecy of grand jury

proceedings.'" Rehberg v. Paulk, 132 S. Ct. 1497, 1509 (2012)

(quoting United States v. Sells Engineering, Inc., 463 U.S. 418,

424 (1983)) (quoting Douglas Oil Co. v. Petrol Stops Northwest,

441 U.S. 211, 218–219 (1979)).


        As noted by our court of appeals, "The primary reasons

for grand jury secrecy are to encourage potential witnesses to

testify fully, to prevent the flight of potential indictees, and

to avoid adverse publicity for those investigated but not

indicted."  United States v. Coughlan, 842 F.2d 737, 739 (4th Cir.

1988).


        In United States v. Moussaoui, 483 F.3d 220, 235 (4th

Cir. 2007), it additionally observed as follows:

> Federal Rule of Criminal Procedure 6(e) provides that
> the traditional rule of grand jury secrecy may be placed
> aside under certain circumstances to allow for
> disclosure. Specifically, Rule 6(e)(3)(E)(i) states that
> a district court "may authorize disclosure -- at a time,
> in a manner, and subject to any other conditions that it
> directs -- of a grand-jury matter . . . preliminary to
> or in connection with a judicial proceeding." The

Supreme Court has explained that a party seeking disclosure of grand jury materials must make a showing of a "particularized need" by demonstrating that (1) the materials are needed to avoid an injustice in another proceeding; (2) the need for disclosure is greater than the need for continued secrecy; and (3) the request is structured to cover only needed materials.

Id. at 235 (citing Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979)).

Respecting "particularized need" from a categorical perspective, our court of appeals, noting Supreme Court precedent, has observed as follows:

[T]he [Supreme] Court [has] stated that "problems concerning the use of the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility . . ." are "cases of particularized need where the secrecy of the proceedings is lifted discretely and limitedly."

United States v. McGowan, 423 F.2d 413, 418 (4th Cir. 1970) (quoted authority omitted).

The time at which the request to lift the veil is made can also be crucial:

Judge Edelstein in SEC v. Everest Management Corp., 87 F.R.D. 100, 104 (S.D.N.Y.1980) declared that after the grand jury has completed its investigation, "[t]he reasons for continued secrecy are few; consequently, the burden on movants to justify disclosure is lessened [though] not eliminated." And the Supreme Court has expressed itself similarly. Almost half a century ago Justice Douglas in United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234, 60 S.Ct. 811, 849, 84 L.Ed. 1129 (1940) bluntly put it that "after the grand jury's functions are ended, disclosure is wholly proper where the ends of justice require it." And in Douglas, the Supreme Court observed that, while the reasons for

secrecy may not be entirely "eliminated merely because
the grand jury has ended its activities," that latter
circumstance makes the effects of disclosure "less
crucial" and will reduce the need for secrecy.  If the
grand jury investigation not only has terminated but, in
addition, the resulting criminal proceedings themselves
have been concluded without any threat of other
prosecutions, the reasons for secrecy are weakened even
further.

In re Grand Jury Proceedings GJ-76-4 & GJ-75-3, 800 F.2d 1293,

1300-01 (4th Cir. 1986) (some citations omitted).

        The circumstances in In re Grand Jury are somewhat

similar to this case.  A private party sought extra costs it

incurred in conducting work for the United States.  Administrative

proceedings ensued, during which a grand jury was impaneled to

investigate possible fraud in the extra costs claim.  Following an

administrative decision awarding some of the extra costs, the

grand jury's term expired without an indictment.

        Another grand jury was empanelled following a breakdown

in the parties' settlement negotiations.  While the private party

then sought to reopen settlement negotiations in the

administrative matter, the grand jury returned an indictment

against it for filing a false claim.  That same day, the private

party instituted an action in the court of claims to recover the

administrative award earlier made.

        The private party then moved the district court where

the criminal proceeding was pending to dismiss the indictment for

prosecutorial misconduct and for collateral estoppel.  The motion was granted but reversed on appeal.  During that time period, the private party sought discovery before the court of claims.  The court of claims noted the evidentiary overlap between the civil and criminal proceedings.  It also noted that the private party was privy to grand jury evidence from the criminal proceeding that was not in the possession of the lawyers for the United States defending the civil proceeding in the court of claims.

The United States moved to disclose on the civil side the grand jury materials developed during the two empanellings.  The district court granted the motion.  In affirming that decision, our court of appeals observed, in part, as follows:

> Ordinarily, "the typical showing of particularized need arises when a litigant seeks to use 'the grand jury transcript at the trial to impeach a witness, to refresh his recollection, to test his credibility and the like.'" And this "particularized need" becomes "strong" both for purposes of trial preparation and for trial itself, when there has been prior unlimited release to one party in the litigation of the grand jury transcript and materials. In that case, disclosure is in order not merely to assure the accuracy of the testimony but also "to equalize the access to relevant facts which each side possesses" and to eliminate the obvious unfair advantage, arising from affording only one side "exclusive access to a storehouse of relevant fact." Beyond this, it is contrary to the wholesome spirit of modern federal procedure to deny to one party evidence available to the other party. Such a procedure is too much like providing arms to one adversary and denying it to the other.

In re Grand Jury, 800 F.2d at 1302 (footnote and citation omitted).

**B.    Analysis**

Mr. Thornsbury's request is well taken.  The materials may allow Mr. Cline to be impeached in a substantial way, which would perhaps avoid an injustice if he were to have, without consequence, provided two materially different accounts of his activities under oath.  Additionally, the apparent conclusion of the grand jury proceedings indicates there is a diminished need for secrecy.  Third, the highly structured nature of the request satisfies the third <u>Douglas Oil</u> criterion.

Mr. Woodruff's broader request is also well taken.  This case presents an unusual, and somewhat disquieting, situation similar to that in <u>In re Grand Jury</u>.  One party is in possession of apparently critical substantive and impeachment evidence in the form of copies of grand jury testimony and possibly exhibits that could materially impact a just disposition.  That same party, however, is barred from, and apparently quite reluctant to, share the information with his adversary.

The force and value of the information is illustrated in part by the situation involving Trooper Moore.  His sworn dialogue before the grand jury will permit insight into what involvement he played in the circumstances of this case, particularly with respect to his interactions with Mr. Thornsbury.  Additionally,

the apparent conclusion of the grand jury's investigation of this matter again indicates that the need for continued secrecy is diminished.  Regarding the third factor, Mr. Woodruff seeks to use only those portions of the grand testimony of the four named witnesses that touch on the circumstances of this case.

The court has considered as well the well-constructed and principled notice promptly filed by the United States, in which it observes as follows:

> After considering the parties' respective motions and pleadings, as well as the applicable legal authorities, the United States somewhat reluctantly submits that the Plaintiff's Motion should be granted in part. Specifically, the United States respectfully submits that the Court should order the disclosure, under conditions described below, of certain portions of transcripts of grand jury testimony from the criminal investigation of actions that Defendant Thornsbury and others took against Plaintiff.

(Not. at 1).

The conditions suggested by the United States are as follows:

> 1) Grand jury transcripts should be disclosed only for witnesses who meet two criteria: a) their testimony relates to the alleged conspiracy against Plaintiff, and b) they are already on the witness lists exchanged by the parties. . . .
>
> 2) For grand jury transcripts that are disclosed, the disclosure should be limited to only those portions of the transcripts that relate to Plaintiff and the alleged conspiracy against him.

3) The parties should be directed to use the grand jury material disclosed only for the purpose of impeaching witnesses at trial.

4) Each party to this civil action should be provided two paper copies of the grand jury material to be disclosed, along with one electronic copy on a compact disk. The purpose of the electronic copy is to permit the display of the material using courtroom technology if such a situation arises at trial. Each party should be directed to restrict access to this material -- both the copies themselves and the substance of what they contain -- to no more than two attorneys and one non-attorney staff member. Each party should be directed to make no additional copies of the grand jury material. And each party should be directed to immediately return all copies of the grand jury material upon the conclusion of the trial in this action or . . . [finalization of the settlement if one is reached].

5) The parties should be directed that any further pleadings that reveal any aspect of a grand jury witness's testimony, including the subject or subjects on which a witness testified, be filed under seal.

(Not. at 10-11).

These attached conditions will facilitate equalized access to the materials and perhaps their necessary use at trial. With one material adjustment, they are reasonable and designed to protect the proper functioning of the grand jury system.  The material adjustment modifies the proposed conditions so that the impeachment restriction is not imposed at this time.  The court leaves matters of admissibility for disposition at trial.  It is, accordingly, ORDERED as follows:

1.   That the United States be, and hereby is, directed to review the grand jury testimony of Mr. Thornsbury,

11

Trooper Moore, Mr. Fletcher, and Mr. Cline, and redact therefrom anything unrelated to Mr. Woodruff and the alleged conspiracy against him;

2.   That the United States be, and hereby is, further directed to disclose no later than October 27, 2014, the redacted testimony to counsel for all parties in this action;

3.   That the United States be, and hereby is, directed to provide each party two paper copies of the grand jury material to be disclosed, along with one electronic copy on a compact disk.  The purpose of the electronic copy is to permit the display of the material using courtroom technology if such a situation arises at trial.  The parties are further directed to restrict access to this material -- both the copies themselves and the substance of what they contain -- to no more than two attorneys and one non-attorney staff member.  No additional copies of the grand jury material may be made.  The parties are additionally directed to immediately return all copies of the grand jury material to the United States upon the conclusion of the trial in this action or consummation of any settlement;

4.    That the parties be, and hereby are, directed to file under seal any further papers to the limited extent that they reveal any aspect of a grand jury witness's testimony, including the subject or subjects on which a witness testified; and

5.    That the parties' motions for disclosure be, and hereby are, granted to the extent specifically set forth above and otherwise denied as to their residue.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER:  October 23, 2014

John T. Copenhaver, Jr.
United States District Judge

13