UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

AT CHARLESTON


ROBERT WOODRUFF,

            Plaintiff,

v.                                  Civil Action No. 2:13-24001

MICHAEL THORNSBURY, individually and
in his official capacity, and
TROOPER BRANDON MOORE, individually and
in his official capacity,

            Defendants.


MEMORANDUM OPINION AND ORDER


        Pending is a motion to intervene filed by National Union

Fire Insurance Company of Pittsburgh, PA, ("National Union"),

filed October 23, 2014.



                            I.



        National Union is the liability insurance carrier for

the State of West Virginia, its agencies and various

municipalities.  The coverage exists through a special insurance

program administered by the West Virginia Board of Risk and

Insurance Management ("BRIM").  There is the potential that

defendants Michael Thornsbury and Trooper Brandon Moore may

qualify as insureds under one or more of the insurance policies issued by National Union to the state.

National Union asserts that its defense of Mr. Thornsbury and Trooper Moore is under a reservation of rights with potential questions respecting whether either qualifies as "insureds" under the applicable policies.  It also contends that its interests are not represented by any of the current parties. It seeks to develop the "appropriate facts" respecting its rights and responsibilities under the policies, particularly the defendants' status as "insureds" and whether the tortious conduct in question amounts to a single occurrence or multiple occurrences.  In particular, National Union asserts as follows:

> These questions largely depend on the facts of the instant litigation, but will not necessarily be established by the current parties to the lawsuit, because they are concerned with establishing or defending against liability and damages, not the facts necessary to determine whether there is coverage under an insurance policy. Hence, it is imperative that National Union be allowed to intervene in this matter so that it may properly establish the facts necessary to determine the rights and obligations under the insurance policies.
>
> . . . .
>
> For instance, the question of whether the Defendants' actions occurred in the course and scope of their work duties may not be relevant to the determination of liability and damages in the instant matter, but it will have a profound effect on whether or not they qualify as insureds and subsequently if coverage exists. Additionally, if this matter proceeds to trial with a finding of liability and a verdict against the potentially insured defendants, it is possible that such

verdict could exceed the applicable insurance policy
limits. In such event, it will be necessary for National
Union to know upon what facts the jury made its
findings, and whether those facts implicate or preclude
coverage, and whether those facts amount to a single
occurrence or multiple occurrences under the policies. .
. . it is imperative that National Union's inclusion in
this matter be allowed so as to permit its participation
in discovery, to allow it access to prior discovery, and
finally, to permit it to submit special interrogatories
to the jury in order to accurately determine such
questions.

(Nat'l Union Mem. in Supp. at 3, 6).

Mr. Woodruff opposes the motion to intervene.  He
asserts, inter alia, that the issues concerning insurance coverage
have already been adequately briefed in the companion case of
National Union Fire Insurance v. Thornsbury, No. 2:14-15608,
pending before the undersigned.  Mr. Thornsbury also opposes the
motion, noting, inter alia, the pendency of the aforementioned
National Union declaratory judgment action.  He additionally
contends that the motion to intervene is untimely.

In reply, National Union asserts that it wishes to
intervene only to obtain discovery materials and preserve the
"possibility of presenting" special interrogatories to the jury
related to factual issues that may impact insurance coverage.
(Nat'l. Union Reply at 2).  It also suggests, without substantial
elaboration, that there are factual issues that may be determined
in this matter that will have a profound effect on the separate
declaratory judgment action.  (See Nat'l Union Reply at 3 ("If the

3

jury is not going to be asked to determine any issues regarding whether the Defendants' actions fell within the scope of their duties, then National Union will not need to have input on the same; if, on the other hand, the jury is going to be asked by the currently existing parties to determine issues regarding whether the Defendants' actions fell within the scope of their duties, then National Union should be allowed input on how best to phrase such special interrogatories.")).

II.

A.    Governing Standard

Federal Rule of Civil Procedure 24 governs request for intervention.  It provides materially as follows:

(a) Intervention of Right. On timely motion, the court must permit anyone to intervene who:

.  .  .

(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

(b) Permissive Intervention.

(1) In General. On timely motion, the court may permit anyone to intervene who:

.  .  .

> (B) has a claim or defense that shares with
> the main action a common question of law or
> fact.

Fed. R. Civ. Proc. 24.

To intervene as of right under Rule 24(a), a movant must satisfy all four of the following requirements: (1) the application must be timely, (2) the movant must have an interest in the subject matter sufficient to merit intervention, (3) the denial of intervention would impair or impede the applicant's ability to protect its interest, and (4) the applicant's interest is not adequately represented by the existing parties to the litigation.  See Fed. R. Civ. Proc. 24(a); Scardelletti v. Debarr, 265 F.3d 195, 202-03 (4th Cir. 2001); Houston General Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999).

As noted, Rule 24 explicitly requires a "timely motion." Id.  The question of timeliness is committed to the sound, and "wide" discretion of the district court.  Alt v. United States E.P.A., 758 F.3d 588, 591 (4th Cir. 2014); NAACP v. New York, 413 U.S. 345, 365–66; Houston Gen. Ins. Co. v. Moore, 193 F.3d 838, 839 (4th Cir. 1999); Gould v. Alleco, Inc., 883 F.2d 281, 286 (4th Cir. 1989).

As recently stated in Alt, the question of timeliness is governed by three factors:

5

> [F]irst, how far the underlying suit has progressed;
> second, the prejudice any resulting delay might cause
> the other parties; and third, why the movant was tardy
> in filing its motion.

<u>Alt</u>, 758 F.3d at 591.

The timeliness requirement applies to both Rule 24(a) and (b).  <u>Gould v. Alleco, Inc.</u>, 883 F.2d 281, 286 (4th Cir. 1989) ("Both intervention of right and permissive intervention require timely application."); <u>see also</u> <u>Houston General</u>, 193 F.3d at 839 ("[T]imeliness is a cardinal consideration of whether to permit intervention." (internal quotation marks omitted)).  "'The purpose of the requirement is to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal.'"  <u>Alt</u>, 758 F.3d at 591 (quoting <u>Scardelletti v. Debarr</u>, 265 F.3d 195, 202 (4th Cir. 2001), <u>rev'd on other grounds</u>, <u>Devlin v. Scardelletti</u>, 536 U.S. 1 (2002)).

B.  Analysis

Turning first to the timeliness requirement, this action will proceed to trial within days.  Discovery has concluded, dispositive motions have been adjudicated, the pretrial conference has been held and the pretrial order submitted -- all completed before the motion to intervene was filed on October 23, 2014.  In addition, motions in limine have been briefed and jury

instructions have been submitted.  In sum, the case has reached fruition.

The second factor, prejudice to the nonmoving parties, is present as well, albeit in a limited manner.  The parties would have to react to National Union's late entry into the case, perhaps oppose any discovery that it might seek to acquire, and assess any proposed special interrogatories that it might choose to submit.  It is also a possibility that post-trial proceedings might be disrupted in some way as yet unknown.  Third, and foremost, National Union offers no good explanation why it has waited until the eve of trial to seek joinder in a case it has known about for near a year.

The court, accordingly, concludes that the untimely request is sufficient to deny entry into the case under either Rule 24(a) or (b).  Morever, there is substantial doubt concerning the second and third factors, namely, whether National Union has a sufficient interest in the subject matter of this action or whether the denial of intervention would impair or impede its ability to protect its interests.  There is no showing why National Union cannot obtain the discovery it seeks within the confines of the pending declaratory judgment action.  Additionally, it concedes that it is speculative at this point whether it would even be necessary for it to offer special

interrogatories.   These considerations thus also counsel against intervention.

As in <u>Alt</u>, the intervention request is, essentially, "'too little, and too late.'"  <u>Id.</u> at 591 (quoting Dist. Ct. Denial Order at 6).  It is, accordingly, ORDERED that the motion to intervene be, and hereby is, denied.

The Clerk is directed to transmit copies of this written opinion and order to all counsel of record and any unrepresented parties.

ENTER:  November 13, 2014

John T. Copenhaver, Jr.
United States District Judge